631 A.2d 674

**Phyllis BUCKNO, Appellant,**

**v.**

**PENN LINEN & UNIFORM SERVICE, INC., Appellee.**

Superior Court of Pennsylvania.

Argued May 19, 1993.

Filed Sept. 28, 1993.

564

Robert Pandaleon, Allentown, for appellant.

Stephen A. Bergstein, Allentown, for appellee.

Before WIEAND, CIRILLO and CERCONE, JJ.

WIEAND, Judge.

Phyllis Buckno has appealed from an order entered by the Court of Common Pleas of Lehigh County which granted defendant-appellee's motion for summary judgment. After a careful review of the record and applicable law, we affirm.

Buckno from birth has suffered from epilepsy. After graduation from high school in 1968, she was hired by Penn Linen & Uniform Service, Inc. ("Penn Linen"), as a general laborer. She worked in that capacity for eighteen (18) years until 1986. On July 25th of that year Buckno's employment was terminated by Penn Linen because she was unable to perform satisfactorily according to company standards the job duties which had been assigned to her.

On July 13, 1990, appellant-Buckno filed a civil complaint against Penn Linen, alleging that she had been discharged because of invidious discrimination in violation of her rights under the Pennsylvania Human Relations Act of October 27, 1955, P.L. 744, No. 222, 43 P.S. Section 951, et seq. The complaint requested damages for the loss of past and future wages and fringe benefits as well as damages for mental anguish, sleeplessness, loss of reputation and humiliation. After the pleadings had been closed and discovery completed, Penn Linen filed a motion for summary judgment. When the trial court, on April 10, 1992, entered summary judgment in favor of Penn Linen, Buckno appealed.

 Summary judgment is proper if the moving party can demonstrate that there is no genuine issue of material fact and that such party is entitled to judgment as a matter of law.

*Carns v. Yingling,* 406 Pa.Super. 279, 282, 594 A.2d 337, 339 (1991); *Mariscotti v. Tinari,* 335 Pa.Super. 599, 601, 485 A.2d 56, 57 (1984).· In deciding whether to grant a motion for summary judgment, the court must examinè the record in the light most favorable to the non-moving party, and all doubts must be resolved against the moving party. *Hayward v. Medical Center of Beaver County,* 530 Pa. 320, 324, 608 A.2d 1040, 1042 (1992). "An entry of summary judgment may be granted only in cases where the right is clear and free of doubt." *Musser v. Vilsmeier Auction Co., Inc.,* 522 Pa. 367, 370, 562 A.2d 279, 280 (1989). See also: *Roselli v. General Elec. Co.,* 410 Pa.Super. 223, 226, 599 A.2d 685, 687 (1991). A party seeking to avoid the entry of summary judgment against him or her may not merely rest on averments in the pleadings. The party must show that there is a genuine issue for trial once a properly supported summary judgment motion confronts him or her. See: *Washington Fed. Sav. & Loan Ass'n v. Stein,* 357 Pa.Super. 286, 289, 515 A.2d 980, 981 (1986).

■■■■ The cause of action in this case was filed under provisions of the Pennsylvania Human Relations Act which provide legal recourse when employment is terminated because of discrimination based upon an individual's physical handicap. Under the statute, a claimant bears the initial burden of establishing a prima facie case that he or she was discharged from employment because of a handicap. See: *Civil Service Comm'n v. Commonwealth, Human Relations Comm'n,* 527 Pa. 315, 318, 591 A.2d 281, 282 (1991). However, the statute does not have application to prevent the discharge of an employee who has suffered a handicap which is job related, that is, a handicap which substantially interferes with the employee's ability to perform essential functions of his or her employment. See: 43 P.S. § 955(a) and § 954(p). See also: *Jenks v. Avco Corp.,* 340 Pa.Super. 542, 548, 490 A.2d 912, 915 (1985). Nevertheless, an employer must make reasonable accommodations to permit an employee to perform the job at hand. See: *Jenks v. Avco Corp., supra* at 550, 490 A.2d at 916. A "reasonable accommodation" is one which does not impose "an undue hardship on the employer." *Id.*

■ On appeal, Buckno contends that material issues of fact exist as to whether her handicap was job related. Penn Linen, on the other hand, claims that the evidence is conclusive that either Buckno's epilepsy or the medication which she takes to control her epilepsy leaves Buckno unable to perform the essential functions of her job with the alacrity at which and in the quantity which other employees are able to perform and which an employer is entitled to expect. The trial court concluded that Buckno's handicap was such that it prevented her from performing the essential functions of her job, despite accommodations which had been attempted by Penn Linen, and despite Buckno's best efforts. Therefore, the trial court concluded that Buckno's handicap was job related and that Penn Linen had a legitimate reason for terminating her employment. We agree.

The record discloses that Penn Linen is a textile processing company which launders industrial garments and rents linens to hospitals, hotels, barber shops and similar businesses. In deposition testimony, Buckno testified that as early as 1977 she was told by a supervisor that she was working too slowly. In time, she admitted, she too became aware that she was working too slowly. She was then moved to a part of the plant where a conveyer belt system was utilized. Here, too, she recognized that her output was not as great as that of her co-workers. Buckno testified that generally she could only produce sixty-five percent of the quota set for the employees, while other employees were able to complete ninety percent. No other employee was consistently producing sixty-five percent or less of the quota. Buckno admitted that she knew that output figures were important to her job; and, therefore, she would frequently compare her numbers with the numbers of others. The comparison upset her, she said, because despite her best efforts her figures were not impressive.

Despite company attempts to allow Buckno to become a productive employee, this was never realized. She was given opportunities to try various jobs at the plant, but her work was always either substandard or too slow. Buckno was permitted to work at some of these jobs for significant periods

of time, but it was clear that she was not performing as well as or in the quantity as other employees were performing. The explanation given for her lack of productivity was that the medication she was required to take for her epilepsy caused drowsiness, impaired her ability to remember and concentrate, slowed motor functions, and interrupted coordination.

Given the record and appellant's admissions, it is clear that Buckno's epilepsy was job related in that it substantially impaired her job performance. See, e.g.: *School District of Phila. v. Friedman*, 96 Pa.Commw. 267, 276, 507 A.2d 882, 886 (1986); *Laws v. Commonwealth*, 50 Pa.Commw. 340, 345, 412 A.2d 1377, 1380 (1980). Despite substantial employer efforts to accommodate her subpar performance, the lack of improvement eventually resulted in her being discharged. Thus, even though she may have given her best efforts, it is clear that her job performance was substandard. Under these circumstances, discharge will not support a cause of action under the Pennsylvania Human Relations Act. The trial court properly entered summary judgment in favor of the employer, which had good cause for the discharge.

Order affirmed.