# Morris v. DiPaolo

*Richard R. Morris,* for plaintiff.
*Brian M. Puricelli,* for defendants.

WATKINS, *J.,* November 18, 2003—

## CASE HISTORY

This appeal arises from a wrongful use of civil proceedings (Dragonetti) action filed by the plaintiff, Neil Morris, Esquire, against the defendants, Gregory DiPaolo, Brian Puricelli, Esquire, and the Law Offices of Brian M. Puricelli, Esquire, pursuant to 42 Pa.C.S. §8351 et seq. This action was commenced by way of complaint on April 12, 2002.

Plaintiff and defendants filed cross-motions for summary judgment on July 7, 2003 and July 2, 2003, respectively. This court granted plaintiff's motion and denied defendants' by orders dated September 23, 2003. This court also denied defendants' motion for reconsideration of the order granting plaintiff's summary judgment motion and denying their own by order dated October 1, 2003. Defendants now appeal the orders along with several unrelated contentions of error.

## FACTUAL HISTORY

On November 30, 1999, defendant DiPaolo and his attorney, defendant Puricelli, filed a civil action complaint against Mr. Morris, Bensalem Township, Bucks County and several of its agencies in the United States District Court for the Eastern District of Pennsylvania. Pl.'s compl. at ¶8. The complaint sought relief under various tort and civil rights theories after the Bensalem Police Department terminated Officer Gregory DiPaolo's employment. *Id.*

An arbitrator later reinstated Officer DiPaolo to his position on the police force. *Id.* at ¶16. After the resolution of other legal issues, the township withdrew its appeal of the arbitration award and formally reinstated Officer DiPaolo on January 24, 2000 (not 2002 as the complaint alleges) with back pay. *Id.* at ¶19.

Mr. Morris argued the reinstatement with back pay rendered Officer DiPaolo's federal causes of action moot. *Id.* at ¶20. The plaintiff (DiPaolo) did not withdraw his complaint in spite of this fact. *Id.* at ¶21. The township responded by filing a motion to dismiss which was heard before the Honorable William H. Yohn, United States district judge. *Id.* at ¶22. Mr. Morris contends that Judge Yohn granted leave to file an amended complaint while reminding the plaintiffs of their obligation not to file meritless claims under F.R.C.P. 11. *Id.* at ¶24. Mr. Morris contends that the amended complaint later filed revived the contentions contained in the original complaint. *Id.* at ¶25.

Upon filing the amended complaint, Mr. Morris filed a motion to dismiss and a motion for sanctions with the district court. *Id.* at ¶30. Judge Yohn granted the motion for sanctions by order dated July 11, 2000. *Id.* at ¶31.

Mr. Puricelli withdrew the amended complaint in that action on January 3, 2001. *Id.* at ¶33.

Mr. Morris proceeded to file the instant two-count action against the named defendants pursuant to the Dragonetti Act. Mr. Morris alleges that the defendants initiated this lawsuit against him with no basis and in bad faith. *Id.* at ¶¶45-47. Mr. Morris' complaint alleges recovery under theories of economic loss, emotional distress, as well as reputation, punitive, and delay damages.

## CONTENTIONS OF ERROR

On appeal, defendants present 10 contentions of error. Specifically, they contend that several judges of the court of common pleas erred in:

(1) Denying defendants' motion for reconsideration by order signed by this court and dated October 1, 2003;

(2) Granting plaintiff's and denying defendants' respective motions for summary judgment by orders signed by this court and dated September 23, 2003;

(3) Denying defendants' motion for a protective order, to compel and in limine by order signed by Judge Howland Abramson and dated May 19, 2003;

(4) Denying defendants' motion to compel and sanction plaintiffs by order signed by Judge Howland Abramson and dated February 24, 2003;

(5) Denying defendants' motion to change venue by order signed by Judge John Younge and dated November 4, 2002;

(6) Sustaining plaintiff's preliminary objections by order signed by Judge Sandra Mazer Moss and dated October 21, 2002;

(7) Granting reconsideration in favor of plaintiff of the September 13, 2002 discovery order by order signed by Judge Matthew D. Carrafiello and dated September 24, 2002;

(8) Denying defendants' petition to modify the scheduling order by order signed by Judge Sandra Mazer Moss and dated September 13, 2002;

(9) Sustaining plaintiff's preliminary objections by order signed by Judge Sandra Mazer Moss and dated September 5, 2002, and

(10) Overruling defendants' preliminary objections by orders signed by Judge Matthew D. Carrafiello and dated June 18, 2002.

## DISCUSSION OF CROSS-MOTIONS FOR SUMMARY JUDGMENT

### *Standard of Review*

Pennsylvania Rule of Civil Procedure 1035(1) allows a party to move for summary judgment if there is "no genuine issue of material fact as to a necessary element of the cause of action or defense." Rule 1035.2(2) allows summary judgment "if, after the completion of discovery relevant to the motion . . . an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action." The burden of demonstrating that no genuine issue of material fact exists and that one is entitled to judgment as a matter of law is on the moving party. *Lubowitz v. Albert Einstein Medical Center,* 424 Pa. Super. 468, 470, 623 A.2d 3, 4 (1993); *Amabile v. Auto Kleen Car Wash,* 249 Pa. Super. 240, 244-45, 376 A.2d 247, 249 (1977).

The purpose of summary judgment is to critically review the proof involved as it applies to the facts in a case and determine the necessity of a trial as a result. *Curran v. Philadelphia Newspapers Inc.,* 497 Pa. 163, 177, 439 A.2d 652, 658 (1981). The rule operates to dispense with the need for trial when the facts material to the cause of action are not disputed. *Ertel v. Patriot-News Co.,* 544 Pa. 93, 101-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996).

Although the moving party must establish a "legally cognizable cause of action," the non-moving party may not rest upon the mere allegations or denials of the pleadings to defeat the motion. *Lubowitz, supra* at 470, 623 A.2d at 4; *Buckno v. Penn Linen & Uniform Service Inc.,* 428 Pa. Super. 563, 566, 631 A.2d 674, 676 (1993), *appeal denied,* 538 Pa. 639, 647 A.2d 895 (1994).

### 1. This Court Properly Granted Plaintiff's Motion for Summary Judgment

"Wrongful use of civil proceedings" is an actionable tort in this Commonwealth. *Rosen v. American Bank of Rolla,* 426 Pa. Super. 376, 380, 627 A.2d 190, 191 (1993). The Dragonetti Act, 42 Pa.C.S. §8351 et seq., is the codification of that tort. A plaintiff will recover under this Act if he or she proves malicious motive and a lack of probable cause on the defendant's part. *Rosen, supra.* The Act states, in relevant part:

*"(a) Elements of action.*—A person who takes part in the procurement, initiation or continuation of civil proceedings against another is subject to liability to the other for wrongful use of civil proceedings:

"(1) He acts in a grossly negligent manner or without probable cause and primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based; and

"(2) The proceedings have terminated in favor of the person against whom they are brought." 42 Pa.C.S. §8351(a).

What constitutes termination in favor of a party upon withdrawal of the complaint for purposes of this Act is dependent on the circumstances of the individual case. *Rosenfield v. Pennsylvania Automobile Insurance Plan,* 431 Pa. Super. 383, 389, 636 A.2d 1138, 1141-42 (1994).

The definition of "probable cause" under the Dragonetti Act is codified at 42 Pa.C.S. §8352, which states:

"A person who takes part in the procurement, initiation or continuation of civil proceedings against another has probable cause for doing so if he reasonably believes in the existence of the facts upon which the claim is based, and either:

"(1) Reasonably believes that under those facts the claim may be valid under the existing or developing law;

"(2) Believes to this effect in reliance upon the advice of counsel, sought in good faith and given after full disclosure of all relevant facts within his knowledge and information; or

"(3) Believes as an attorney of record, in good faith that his procurement, initiation or continuation of a civil cause is not intended to merely harass or maliciously injure the opposite party."

In the instant case, the undisputed facts of record clearly establish a successful claim under the Dragonetti

Act. First, defendants DiPaolo and Puricelli withdrew their federal complaint. Voluntary withdrawal of an action may serve as the basis of a favorable termination in favor of the plaintiff for purposes of the Act. *DaimlerChrysler Corp. v. Askinazi,* 152 F. Supp.2d 655, 661 (E.D. Pa. 2001); see also, *Bannar v. Miller,* 701 A.2d 242, 248 (Pa. Super. 1997).

Secondly, this court examined the facts of record and determined that the suit brought against plaintiff Morris was baseless and without merit. Transcripts from a hearing before Judge Yohn regarding the status of the federal complaint are instructive. Mr. Puricelli gave a candid evaluation of his case against the Bensalem Township entities and Mr. Morris:

"The Court:—and, therefore, you no longer feel this case has merit?

"Mr. Puricelli: Correct [in regard to most of the defendants] . . . Now, with Mr. Morris, his is a very attenuated action and I only have one Supreme Court decision that really supports it and I've explained that. *Mr. DiPaolo is agreeable to let him out."* N.T., 12/1/01 at p. 9.

The hearing later went on to discuss the credibility of the plaintiff's witnesses:

"The Court: . . . So the supporting witnesses no longer support your case against whom?

"Mr. Puricelli: Not necessarily they don't support it— against Morris.

"The Court: Against Morris?

"Mr. Puricelli: Right. It's just that I no longer have confidence that they're telling the truth . . . . . . .

"The Court: But I repeat on that, if your only problem is Mr. Morris, and you claim you have no case against

him—I don't know whether Mr. DiPaolo agrees with you on that but if he does—

"Mr. Puricelli: I think he can speak clearly and he has no problem letting Mr. Morris out.

"The Court: Let him out, either on your own initiative, if you think you can after looking at the docket or file a motion . . . ."[1] N.T., 12/1/01 at pp. 11, 14.

Even assuming arguendo that defendants reasonably believed in the relevant facts in the federal suit, it was impossible for the defendants to reasonably believe that those facts entitled them to relief as to plaintiff Morris pursuant to 42 U.S.C. §1983, which entitles parties to recover for damages sustained by those acting under direct authority or color of law. The federal complaint seeks relief under four (4) separate theories:

"(1) Violations of due process during Mr. DiPaolo's termination hearing when Mr. Morris allegedly suborned perjury from fact witness and otherwise engaged in deceptive advocacy tactics;

"(2) Violation of Mr. DiPaolo's liberty interests when Mr. Morris allegedly described him as a 'peeping tom' and/or a 'criminal';

"(3) Conspiring to keep Mr. DiPaolo off the police force, and

---

1. This is an excerpt, from the *third* hearing before Judge Yohn regarding this action. Judge Yohn warned Mr. Puricelli about the Federal Rule 11 implications of the complaint's seemingly baseless allegations. Judge Yohn later issued those sanctions by order dated July 11, 2000, after a second hearing with Mr. Puricelli for his failure to withdraw or otherwise change the allegations in the complaint. The sanction order is included with the plaintiff's exhibits supporting his motion for summary judgment as exhibit "B."

"(4) Loss of past and future income, as well as reputational damages as a result." See def.'s compl.

Although the federal complaint seems to make general allegations supporting relief, Mr. DiPaolo could not recover under the facts as alleged. To prevail on a claim for deprivation of due process, a party must show the actual existence of prejudice to prove he was denied the due process guarantee of a fundamental fair trial. *Irvin v. Dowd,* 366 U.S. 717, 723 (1961). "Prejudice . . . means that the outcome of the proceeding may have been affected by the alleged due process violation." *Colmenar v. INS,* 2000 WL 376671 at *4 (9th Cir. 2000).

The facts show Mr. DiPaolo prevailed at the administrative hearing and later received reinstatement with back pay. Therefore, Mr. Morris' alleged conduct, taken as true, does not entitle Mr. DiPaolo to relief for a violation of his due process rights.

Mr. DiPaolo was not entitled to reputational damages under the facts. As mentioned above, the federal complaint alleges that Mr. Morris called Mr. DiPaolo a "peeping tom" and/or a "criminal." Mr. DiPaolo testified at his deposition that he does not remember Mr. Morris ever using those words to describe him. N.T., 5/12/03 at pp. 186, 188-90, attached to def.'s mot. for summ. jgmt. as exhibit "G."

Further, defamation is actionable under section 1983 only when the defamatory statements are made in the course of, or is accompanied by, a change or extinguishment of a right or status guaranteed by state law or the constitution. *Clark v. Twp. of Falls,* 890 F.2d 611, 619 (3d Cir. 1989). In the present case, Mr. Puricelli testified that he believed the defamatory article was written

sometime close to the arbitration award in March 1999. N.T., 5/20/03 at p. 119. Mr. DiPaolo was terminated on December 30, 1997, roughly 14 months before the alleged statement. Therefore the facts show that the statements, even if true, did not enjoy a close nexus to Mr. DiPaolo's loss of his liberty interest. Therefore, reputation damages are not recoverable under Mr. DiPaolo's complaint.

The record shows the federal lawsuit proceeded against the wishes of Mr. DiPaolo. He testified at deposition that the true purpose of his federal lawsuit was to receive reinstatement with back pay:

"By Mr. Morris:

"Q. So the main reason you filed the federal lawsuit was because the township filed an appeal of the arbitrator's decision rather than firing you?

"A. Not because they filed an appeal but because they haven't reinstated me and paid me the money they owed me.

"Q. So if the township would have immediately reinstated you, paid you the back wages that were awarded to you in arbitration proceedings, you would not have filed this lawsuit?

"A. I probably would not have." N.T., 5/12/02 at pp. 113-14.

The record shows that reinstatement with back pay was the sole reason Mr. DiPaolo wanted to file the federal complaint. In fact, Mr. DiPaolo testified that the result of the termination situation *"ended the way we expected it to end, or the way I expected it to end." Id.* at pp. 79-80. (emphasis added)

In summation, the federal complaint was, to use Mr. Puricelli's own words, a "very attenuated action." Judge Yohn's hearing, 12/1/00 at p. 9. Mr. DiPaolo received what he sought in the federal litigation. Mr. Puricelli knew both that instigating suit and maintaining it in federal court was an abuse of process and a wrongful use of civil proceedings. Therefore, this court's order granting summary judgment as to Mr. Morris should be affirmed.

## 2. This Court's Order Denying Summary Judgment As to Defendants DiPaolo and Puricelli Was Proper

Defendants' motion for summary judgment refutes plaintiff Morris' allegations by contending that the federal lawsuit was filed for a legitimate purpose and in good faith. However, defendants' motion is without merit.

First, defendants' motion admits the federal complaint was maintained for an improper purpose. Defendants admit this fact in paragraph 27 of their motion:

"(27) Mr. DiPaolo [sic] purpose for commencing the civil action was to recover his police position (employment) and the lost wages that had been ordered returned to him by the arbitrator (summary judgment exhibit 12, 13 and 19 @ 43:17, 51:13-22, 78:8-16, 79:19., 85:8-17, 114:17, 141:15, 150:18, 237:9, 199:14, 200:8 and 282:3)."

Thus, the purpose of the lawsuit was met since Mr. DiPaolo received both wages and reinstatement. Mr. Puricelli and his client maintained this suit after Mr. DiPaolo received his reinstatement and back pay. The suit was withdrawn (not "settled," as the motion asserts at paragraph 8) almost a year after Mr. DiPaolo's reinstatement. Therefore, this suit was maintained for an improper purpose.

Secondly, defendants' motion makes an argument against plaintiff Morris' damages claims. However, this court contemplated the issue of liability, not damages, in the appealed order. The order clearly establishes defendants' *liability* in this case and orders an assessment of damages hearing. Therefore, this order does not address the question of *losses sustained.* A trial court may exercise its discretion in bifurcating a trial when issues of liability and damages are (1) separate and distinct from one another, and (2) the issue of liability has been fairly adjudicated. *Gagliano v. Ditzler,* 437 Pa. 230, 233, 263 A.2d 319, 320 (1970). As previously mentioned, this court determined that plaintiff Morris was entitled to summary judgment on his counts of abuse of process and wrongful use of civil proceedings. Whether damages emanated from either of the plaintiff's counts has yet to be determined.

Defendants' motion does not entitle them to relief. The federal lawsuit was instigated and maintained in spite of its obvious lack of merit. Mr. Puricelli maintained this lawsuit even after resolving this issue in his client's desired manner. For these reasons, the defendants' motion for summary judgment was properly denied.

## CONCLUSION

For reasons as set forth above, this court's orders granting plaintiff's motion for summary judgment and denying defendants' motion for summary judgment dated October 1, 2003 should be *affirmed,* and all other questions raised on appeal should be *quashed.*