J. A33008/15

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| WELLS FARGO BANK NA, KONDAUR | : | IN THE SUPERIOR COURT OF |
| CAPITAL CORPORATION AND | : | PENNSYLVANIA |
| U.S. BANK NATIONAL ASSOCIATION | : | |
| | : | |
| v. | : | |
| | : | |
| SCOTT A. BARRIS AND KELLY HANSON | : | |
| A/K/A KELLY BARRIS | : | |
| | : | |
| APPEAL OF:  SCOTT A. BARRIS, | : | No. 268 EDA 2015 |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 15, 2014,
in the Court of Common Pleas of Bucks County
Civil Division at No. 2012-03715

BEFORE:  FORD ELLIOTT, P.J.E., STABILE AND STRASSBURGER,* JJ.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:　　　　**FILED FEBRUARY 23, 2016**

Scott A. Barris and Kelly Hanson, a/k/a Kelly Barris (hereinafter "appellants" or "defendants"), appeal from the December 15, 2014 order granting Kondaur Capital Corporation's (hereinafter "appellee" or "plaintiff") motion for summary judgment.  We affirm.

The trial court provided the following facts and procedural history of this case:

> On April 23, 2012, the original Plaintiff in this matter, Wells Fargo Bank, N.A. (hereinafter referred to [as] "Wells Fargo"), filed a Complaint in Mortgage Foreclosure against Scott A. Barris and Kelly Hanson a/k/a Kelly Barris (hereinafter referred to [as] "Defendants").  According to the Complaint, on or

---

* Retired Senior Judge assigned to the Superior Court.

about September 7, 2007, Defendants executed and signed an adjustable rate mortgage Note in favor of Wells Fargo's predecessor-in-interest, World Savings Bank, FSB. They promised to repay $421,800.00 plus interest and other costs to "World Savings Bank, F[SB], a Federal Savings Bank, its successors and/or assignees, or anyone to whom the Note is transferred." *See Note*, Ex. A-1, ***Motion for Summary Judgment***, July 10, 2014, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

On or about September 7, 2007, Defendants also executed a mortgage upon the real property located at 115 Sovereign Drive, Warrington, Bucks County as collateral for the Note. ***See Mortgage***, Exhibit A, ***Motion for Summary Judgment***, July 10, 2014, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715. The Mortgage was executed and recorded in the Bucks County Office of the Recorder of Deeds in Book 5580, Page 1273.

The Complaint alleged that the Mortgage was "in default because monthly payments of principal and interest are due and unpaid for [July 1, 2011] and each month thereafter." ***Complaint***, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

The Complaint also alleged that Defendants failed to cure the default or otherwise comply with the terms of the Mortgage. As of April 10, 2012, the total amount due on account of the Mortgage, including principal, interest, late charges, and costs was $456,899.90. ***See id.***

Subsequent to the filing of the Complaint, a Foreclosure Conciliation Conference was scheduled pursuant to Bucks County's Residential Mortgage Foreclosure Diversion Program.

Both parties participated in Conciliation Conferences held on August 12, 2012, November 19, 2012, February 25, 2013, May 22, 2013, July 22, 2013, and September 23, 2013. On the last scheduled conference date of September 23, 2013, Defendants failed to appear. ***See*** Docket Entry of Oct. 7, 2013, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

On October 7, 2013, the Honorable Susan Devlin Scott of this court issued an Order authorizing Wells Fargo "to obtain a judgment pursuant to and in compliance with [Pennsylvania Rule of Civil Procedure] 237.1 and to otherwise proceed with the action as provided by rules of court." ***Id.***

On November 7, 2013, Defendants filed an Answer to the Complaint. In their Answer, Defendants generally denied that they were in default under the terms of the Mortgage. They further stated that the allegation of default was a "conclusion of law to which no response is required." As to Wells Fargo's allegations of the amount due and owing on the Note and Mortgage, Defendants denied "the characterization of the schedule of amounts due under the mortgage." ***Answer to Complaint***, Nov. 7, 2013, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

On November 13, 2013, Wells Fargo filed a Praecipe to substitute "U.S. Bank, National Association, as Trustee for Stanwich Mortgage Loan Trust, Series 2012-9" as successor Plaintiff for the originally named Plaintiff. The Assignment of the Mortgage to U.S. Bank as trustee (hereinafter referred to [as] "U.S. Bank") was attached as an exhibit. ***Praecipe for Voluntary Substitution of Party Plaintiff***, Nov. 13, 2013, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

On June 26, 2014, U.S. Bank filed a Praecipe to substitute "Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-4" as successor Plaintiff. In support of the Praecipe, U.S. Bank asserted the following:

> Kondaur Capital Corporation, as Separate Trustee of Matawin Ventures Trust Series 2013-4, is the current holder of the Mortgage by virtue of that certain Assignment of Mortgage, which has been recorded March 11, 2014, in the Office of the Recorder of Deeds of Bucks County as Instrument #2014011458.

***Praecipe for Voluntary Substitution of Party Plaintiff***, June 26, 2014, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

A copy of the Assignment to Kondaur Capital Corporation (hereinafter referred to [as] "Kondaur") was attached to the Praecipe as Exhibit "A". ***See id.***

On July 10, 2014, Kondaur filed a Motion for Summary Judgment, re-asserting that Defendants are in default for failing to pay the July 1, 2011 payment and each monthly payment thereafter. ***Motion for Summary Judgment***, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

In the Motion for Summary Judgment, Plaintiff attached an Affidavit, authored by William Suh, Foreclosure Specialist of Kondaur Capital Corporation. In the Affidavit, Mr. Suh stated that, he has "access to the business records relating to the loan at issue herein, which are maintained in the regular course of business activities." Mr. Suh further asserted that the Affidavit was made "based upon [his] review of the facts contained in those records pertaining to the account of Defendants." ***See id*** at ***Ex. B***.

In the Affidavit, Mr. Suh verified that the July 1, 2011 payment, and every payment thereafter, was due and owing. He further related that, as of July 7, 2014, the total amount due upon the Mortgage was $494,663.59 including interest and late charges. The amount owed was itemized and listed in his Affidavit. ***See id.*** at ***Ex. B***.

In further support of its assertion of the amount due and owing upon the Mortgage, Kondaur attached a copy of Defendants' loan payment history. ***See id.*** at ***Ex-B-1***.

On August 8, 2014, Defendants filed an Answer in Opposition to Plaintiff's Motion for Summary Judgment. In their Answer, and in response to Kondaur's assertion that the mortgage is due and owing for the July 1, 2011 payment and each payment thereafter, Defendants once again stated that these allegations are "conclusions of law to which no response is required." ***Answer in Opposition of Motion for Summary Judgment***, Aug. 8, 2014, ***Kondaur Capital Corp. v. Scott A. Barris and Kelly Hanson aka Kelly Barris***, BCCCP Docket No. 2012-03715.

On December 15, 2014, this Court granted Plaintiff's Motion for Summary Judgment.

On January 14, 2015, Defendants filed a Notice of Appeal to the Superior Court of Pennsylvania from this Court's Order of December 15, 2014.

This Opinion is filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a).

Trial court opinion, 2/12/15 at 1-4.

Appellants raise the following issues for our review:

I. Whether the trial court erred in granting Plaintiff's Motion for Summary Judgment as the Affidavit of William Suh that Plaintiff attached

as an exhibit to its Motion for Summary Judgment, was legally defective due to its failure to comply with the Uniform Business Records of Evidence Act and the Pennsylvania Rules of Evidence?

II.     Whether the trial court abused its discretion by relying upon William Suh's Affidavit, given the glaring inconsistencies and lack of explanation as to the alleged amounts owing which indicate a lack of trustworthiness of the Affidavit?

III.    Whether the trial court erred in grating [sic] Plaintiff's motion for Summary Judgment as William Suh's Affidavit violated the Nanty-Glo Rule?

IV.     Whether the trail [sic] court erred in granting Summary Judgment in favor of Plaintiff, despite the failure of Plaintiff's lack of standing to foreclose?

Appellants' brief at 4-5.

Before addressing appellants' issues on appeal, we begin with our well-settled standard of review for challenges of summary judgment:

> A proper grant of summary judgment depends upon an evidentiary record that either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a prima facie cause of action or defense and, therefore, there is no issue to be submitted to the jury. Pa.R.C.P. 1035.2 Note. Where a motion for summary judgment is based upon insufficient evidence of facts, the adverse party must come forward with evidence essential to preserve the cause of action. If the non-moving party fails to come forward with sufficient evidence to establish or contest a material issue to the case, the

> moving party is entitled to judgment as a matter of law. The non-moving party must adduce sufficient evidence on an issue essential to its case and on which it bears the burden of proof such that a jury could return a verdict favorable to the non-moving party. As with all summary judgment cases, the court must examine the record in the light most favorable to the non-moving party and resolve all doubts against the moving party as to the existence of a triable issue.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions. In reviewing a grant of summary judgment, the appellate court may disturb the trial court's order only upon an error of law or an abuse of discretion. The scope of review is plenary and the appellate court applies the same standard for summary judgment as the trial court.
>
> *McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 940-41 (Pa.Super.1998), *appeal denied*, 560 Pa. 707, 743 A.2d 921 (1999) (some internal citations omitted). *See also Moses v. T.N.T. Red Star Exp.*, 725 A.2d 792 (Pa.Super. 1999), *appeal denied*, 559 Pa. 692, 739 A.2d 1058 (1999).

*Petrongola v. Comcast-Spectacor, L.P.*, 789 A.2d 204, 208-209 (Pa.Super. 2001), *appeal denied*, 803 A.2d 736 (Pa. 2002).

We shall address appellants' first three issues simultaneously, as all three relate to Mr. Suh's affidavit. Appellants' first issue for our review is whether Mr. Suh's affidavit is in compliance with the Uniform Business Records of Evidence Act (hereinafter "the Records of Evidence Act") and the

Pennsylvania Rules of Evidence. Specifically, appellants aver that the affidavit is facially defective because it lacks certain elements required by the Act: (1) that the affidavit fails to state that the making of records was a regular practice of that business activity; (2) that the affidavit lacks any statement as to when the records in question were made; (3) that Mr. Suh has no personal knowledge of the records in question; and (4) that Mr. Suh lacks familiarity with the process in which the records in question were produced. (**See** appellants' brief at 15-17.) Under their second issue, appellants aver that the trial court abused its discretion by relying on Mr. Suh's affidavit, despite defects in violation of the Records of Evidence Act and the Pennsylvania Rules of Evidence. (**See id.** at 19.) Finally, appellants allege that Mr. Suh's affidavit is in violation of the **Nanty-Glo** rule.

We begin with an analysis of the **Nanty-Glo** rule. In **Borough of Nanty-Glo v. American Surety Co. of New York**, 163 A. 523 (Pa. 1932), our supreme court held that oral testimony alone is insufficient to warrant an entry of summary judgment. **Id.** at 524. "An exception to this rule exists, however, where the moving party supports the motion by using admissions of the opposing party . . ." **Bank of America, N.A. v. Gibson**, 102 A.3d 462, 466 (Pa.Super. 2014), **appeal denied**, 112 A.3d 648 (Pa. 2015), quoting **Sherman v. Franklin Regional Med. Ctr.**, 660 A.2d 1370, 1372 (Pa.Super. 1995), **appeal denied**, 670 A.2d 142 (Pa. 1995).

> General denials constitute admissions where—like here—specific denials are required. *See* Pa.R.C.P. No. 1029(b). Furthermore, "in mortgage foreclosure actions, general denials by mortgagors that they are without information sufficient to form a belief as to the truth of averments as to the principal and interest owing [on the mortgage] must be considered an admission of those facts." *First Wis. Tr. Co. v. Strausser*, 439 Pa.Super. 192, 653 A.2d 688, 692 (1995); *see* Pa.R.C.P. No. 1029(c) Note. By his ineffective denials and improper claims of lack of knowledge, Appellant admitted the material allegations of the complaint, which permitted the trial court to enter summary judgment on those admissions.

*Gibson*, 102 A.3d at 466-467. *See also Buckno v. Penn Linen & Uniform Service, Inc.*, 631 A.2d 674, 676 (Pa.Super. 1993), *appeal denied*, 647 A.2d 895 (Pa. 1994) ("A party seeking to avoid the entry of summary judgment against him or her may not merely rest on averments in the pleadings. The party must show that there is a genuine issue for trial once a properly supported summary judgment motion confronts him or her." (citation omitted)).

In the instant appeal, appellants responded to appellee's averments of default and the amount of the mortgage in the foreclosure complaint with nothing more than general denials. Wells Fargo, in its original foreclosure complaint, averred the following:

> 5.  The Mortgage is in default because monthly payments of principal and interest are due and unpaid for 7/1/11 and each month thereafter. By the terms of the Mortgage, upon failure of Mortgagor(s) to make such payments after a date specified in written notice sent to

Mortgagor(s), the entire principal balance and all interest due and other charges are due and collectible.

6.    The total amount due Plaintiff through 4/10/12 is $456,899.90, which breaks down as follows:

| | |
|---|---|
| Principal: | 443,396.12 |
| Interest @ variable rate(s) from 6/1/11 to 4/10/12: | 7,632.86 |
| Pre-Acceleration Late Charges: | 704.90 |
| Unapplied Funds Credit: | (102.06) |
| Escrow Advance: | 5,268.08 |
| TOTAL: | 456,899.90 |

***Per diem*** interest in the amount of $24.30 will accrue on the principal from 4/11/12 to the next interest rate change date and accrue thereafter with the variable rate.

Complaint, 4/20/12 at 1; R.R. at 11a.

Appellants answered with the following general denials:

5.    Denied.    The allegations set forth in Paragraph 5 constitute conclusions of law to which no response is required.  To the extent a response is required, the allegations are denied.

6.    Denied.  Defendant denies the characterization of the schedule of amounts due under the mortgage and strict proof thereof is demanded at trial.  Plaintiff alleges an escrow advance of $5,268.08 but does not set forth an itemization whatsoever for Defendant to be able to answer whether that amount is true or correct. According, Defendant requests that Plaintiff provide an itemized statement of the alleged escrow advance.

Answer, 11/7/13 at 2; R.R. at 20a.

Appellants failed to make any reference to what they believe is the correct amount due on the mortgage, nor do they articulate why they believe that the escrow advance of $5,268.08 alleged by appellee may be in error. Due to their failure to include pleadings of specific facts in response to appellee's foreclosure complaint, especially pertaining to the amount of principal and interest due on the mortgage, appellants are deemed to have admitted the allegations pursuant to **Strausser**. **See also New York Guardian Mortg. Corp. v. Dietzel**, 524 A.2d 951, 952 (Pa.Super. 1987) (mortgagors' general denial of mortgagee's averment as to the principal and interest due is deemed an admission of those facts because the mortgagor and the mortgage holder are the only parties "who would have sufficient knowledge on which to base a specific denial"); **Cercone v. Cercone**, 386 A.2d 1, 3 (Pa.Super. 1978) (a demand for proof without a reasonable investigation by a nonmoving party is deemed to be an admission).

Therefore, we find that appellants' general denials of the amount of principal and interest due on the mortgage and their general denial of the fact that the mortgage is in default constitute admissions to the facts averred in appellee's foreclosure complaint. As a result, appellants failed to sustain their burden of presenting material facts in dispute, and summary judgment was proper. Accordingly, appellants' first three issues are without merit.

In their fourth issue for our review, appellants challenge whether appellee has proper standing to bring an action in foreclosure. When determining standing in a foreclosure action, we are governed by the following standard:

> Pennsylvania Rule of Civil Procedure 2002 provides, "[e]xcept as otherwise provided . . . all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts." Pa.R.C.P. 2002(a); see also ***J.P. Morgan Chase Bank, N.A. v. Murray***, 63 A.3d 1258, 1258 (Pa.Super. 2013) (finding a debtor's claim that appellee bank was not a real party in interest to bring foreclosure action was a challenge to appellee's standing). "[A] real party in interest is a [p]erson who will be entitled to benefits of an action if successful . . . . [A] party is a real party in interest if it has the legal right under the applicable substantive law to enforce the claim in question." ***U.S. Bank, N.A. v. Mallory***, 982 A.2d 986, 993-994 (Pa.Super. 2009) (citation and quotation marks omitted; some brackets in original).
>
> In a mortgage foreclosure action, the mortgagee is the real party in interest. ***See Wells Fargo Bank, N.A. v. Lupori***, 8 A.3d 919, 922 n.3 (Pa.Super. 2010). This is made evident under our Pennsylvania Rules of Civil Procedure governing actions in mortgage foreclosure that require a plaintiff in a mortgage foreclosure action specifically to name the parties to the mortgage and the fact of any assignments. Pa.R.C.P. 1147. A person foreclosing on a mortgage, however, also must own or hold the note. This is so because a mortgage is only the security instrument that ensures repayment of the indebtedness under a note to real property. ***See Carpenter v. Longan***, 83 U.S. 271, 275 (1872) (noting "all authorities agree the debt is the principal thing and the mortgage an accessory."). A mortgage can have no separate existence. ***Id.*** When a note is paid, the mortgage expires. ***Id.*** On the other hand,

> a person may choose to proceed in an action only upon a note and forego an action in foreclosure upon the collateral pledged to secure repayment of the note. *See Harper v. Lukens*, 112 A. 636, 637 (Pa. 1921) (noting "as suit is expressly based upon the note, it was not necessary to prove the agreement as to the collateral."). For our instant purposes, this is all to say that to establish standing in this foreclosure action, appellee had to plead ownership of the mortgage under Rule 1147, and have the right to make demand upon the note secured by the mortgage.

*CitiMortgage, Inc. v. Barbezat*, 2016 WL 99772, ___ A.3d ___, at \*2-3

(Pa.Super. 2016).

Here, appellants aver that under the Pennsylvania Uniform Commercial

Code,

> Wells Fargo is the **only** entity that can negotiate the Note. Wells Fargo did not indorse the Note over to another entity nor did it indorse the note in blank. Therefore, Wells Fargo as the holder of the Note is the only party [which] has standing to enforce the Note.

Appellants' brief at 25 (emphasis in original) (footnote omitted).

Appellants' assertion that Wells Fargo did not indorse the note in blank

is inaccurate.

> Pursuant to section 3205(a), a special indorsement is one made by the holder of an instrument that identifies a person to whom it makes the instrument payable. 13 Pa.C.S.A. § 3205(a). Pursuant to section 3205(b), a blank indorsement is an indorsement made by the holder of a negotiable instrument that is not a special indorsement. *Id.* § 3205(b). When indorsed in blank, an instrument becomes payable to bearer and may be negotiated

- 13 -

> by transfer of possession alone until specially indorsed. **Murray**, 63 A.3d at 1266.

**PHH Mortg. Corp. v. Powell**, 100 A.3d 611, 617 n.6 (Pa.Super. 2014).

Wells Fargo indorsed the note subject to the instant appeal as follows:

> WITHOUT RECOURSE
> PAY TO THE ORDER OF
>
> WELLS FARGO BANK, N.A., SUCCESSOR BY MERGER TO WACHOVIA MORTGAGE F.S.B., FORMERLY KNOWN AS WORLD SAVINGS BANK, F.S.B.

R.R. at 89a. By indorsing the note to itself, Wells Fargo indorsed the note in blank and preserved its right to transfer possession of the note and accompanying mortgage, as it did by transferring the note and mortgage to U.S. Bank on February 20, 2013. Subsequently, U.S. Bank transferred its interest in the note and mortgage to Kondaur on March 11, 2014. Both transfers were recorded with the Bucks County Recorder of Deeds. As a result, appellee has complied with Pa.R.C.P. 1147, which requires a mortgagee to plead ownership in a foreclosure proceeding. In the motion for summary judgment,[1] appellee pled ownership of the mortgage by detailing the assignment from U.S. Bank. (**See** motion for summary judgment, 7/9/14 at 4; R.R. at 45a.) Therefore, appellants' fourth issue is without merit.

Order affirmed.

---

[1] As noted above, Wells Fargo filed the original foreclosure complaint. While this case was pending, Wells Fargo assigned the mortgage to U.S. Bank. U.S. Bank subsequently assigned the mortgage to appellee.

J. A33008/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/23/2016