Neil MORRIS

v.

Gregory DiPAOLO, Brian M. Puricelli,
Esquire and Law Offices of Brian
M. Puricelli, Esquire.

Appeal of Brian M. Puricelli, Esquire.

Superior Court of Pennsylvania.

Argued Oct. 17, 2006.
Filed June 18, 2007.
Reargument Denied Aug. 27, 2007.

Howard J. Bashman, Willow Grove, for appellant.

Richard R. Morris, Philadelphia, for appellee.

BEFORE: STEVENS, PANELLA, and JOHNSON, JJ.

OPINION BY PANELLA, J.:

¶ 1 Appellant, Brian M. Puricelli, Esquire, appeals from the order entered on October 24, 2005, by the Honorable John Milton Younge, Court of Common Pleas of

Philadelphia County. After careful review, we vacate and remand.

¶ 2 The genesis of this tortuous and contentious case lies in the discharge of Bensalem Township police officer Gregory DiPaolo. Following his discharge, officer DiPaolo filed a grievance that proceeded to arbitration under the terms of the governing collective bargaining agreement. The arbitrator ruled in DiPaolo's favor and ordered that DiPaolo be reinstated to his prior position with back pay.

¶ 3 Bensalem Township, represented by Appellee Neil A. Morris, Esquire, and his eponymous law firm, appealed the arbitration award to the Bucks County Court of Common Pleas. Bensalem Township refused to reinstate DiPaolo as a police officer or pay him back wages pending the appeal. DiPaolo then retained Attorney Puricelli to explore his legal remedies in light of Bensalem Township's actions. Upon reviewing DiPaolo's case, Attorney Puricelli concluded that the arbitration appeal had not been filed in a timely manner and that further, no valid legal grounds existed for the Township's appeal.

¶ 4 During his investigation, Attorney Puricelli allegedly learned of efforts by Attorney Morris to intimidate certain witnesses into either modifying their testimony at the hearing or not testifying at all, or both. Based upon all these circumstances, Attorney Puricelli concluded that sufficient grounds existed to assert a federal civil rights claim against Bensalem Township, several Bensalem Township officials, and, most importantly for the instant appeal, Attorney Morris and his law firm.

¶ 5 Attorney Puricelli filed a federal civil rights lawsuit in the Eastern District of Pennsylvania, alleging that DiPaolo's constitutional rights had been violated by Bensalem Township's actions in failing to reinstate him and failing to pay his back wages pursuant to the arbitrator's decision. Soon after this filing, Bensalem Township agreed to reinstate DiPaolo and pay him back wages pursuant to the arbitrator's award. Subsequently, on March 8, 2000, the defendants in DiPaolo's federal civil suit filed a Rule 11 motion in the Eastern District, seeking sanctions against DiPaolo and Puricelli for filing a frivolous claim.[1]

¶ 6 A hearing on the Rule 11 motion was held on April 27, 2000. After extensive argument and discussion, the Honorable William H. Yohn entered an order on May 4, 2000, denying the motion. Judge Yohn's order further set forth the claims he would allow DiPaolo to pursue, including at least one claim against Attorney Morris and his law firm. Thereafter, on May 24, 2000, Attorney Puricelli filed an amended complaint.

¶ 7 On June 16 and 26, 2000, Morris filed supplemental Rule 11 motions, one seeking sanctions, the other seeking dismissal, in response to the amended complaint. After Attorney Puricelli failed to respond to the supplemental motion, Judge Yohn granted the motion on July 11, 2000; however, he deferred his decision on Morris's motion to dismiss. Subsequently, on December 5, 2000, DiPaolo moved to voluntarily dismiss his claims against Morris. Judge Yohn granted DiPaolo's motion on January 2, 2001, and, as a result, never addressed the merits of DiPaolo's complaint against Morris.

¶ 8 Following further argument by the parties, Judge Yohn issued an order and memorandum dated June 27, 2003 addressing the sanctions to be imposed on Attorney Puricelli and DiPaolo pursuant to

---

1. F.R.C.P., Rule 11 is analogous to Pa.R.C.P., Rule 1023.1–1023.4, 42 Pa. Cons.Stat. Ann. Both rules provide for, *inter alia,* sanctions for legal pleadings filed in bad faith.

his July 11, 2000 order. In this memorandum and order, Judge Yohn concluded that the District Court retained jurisdiction to sanction DiPaolo and Attorney Puricelli despite the voluntary dismissal of the case. Furthermore, Judge Yohn concluded that Attorney Morris was not entitled to attorney's fees to the extent that he represented himself. *See DiPaolo v. Moran,* 277 F.Supp.2d 528 (E.D.Pa.2003). Judge Yohn deferred calculating sanctions until a hearing on the issue had been held.

¶ 9 In light of the litigious mood of the parties, it is no surprise that the case ended up in the Third Circuit Court of Appeals. In the words of the Honorable Thomas L. Ambro, writing for the Court of Appeals:

> During the hearing the parties informed the District Court that Morris had begun litigation against Puricelli in the Court of Common Pleas of Philadelphia County, in which Morris alleged that the suit before the District Court was "baseless and without merit" and that Puricelli's conduct was an abuse of process.[2] After noting that Morris was seeking damages in the case pending in state court, and, indeed, had established liability but was awaiting an assessment of damages, the District Court declined to award a monetary sanction. Instead, it reprimanded Puricelli and ordered him to attend and complete twelve hours of continuing legal education (in addition to the Pennsylvania bar's requirements) related to civil rights claims under 42 U.S.C. § 1983 and constitutional tort litigation. Puricelli appealed this order, and Morris cross-appealed because the sanction ordered did not include money.

*DiPaolo v. Moran,* 407 F.3d 140, 143–144 (3d Cir.2005).

¶ 10 As noted *supra,* Attorney Morris initiated this action against DiPaolo, Puricelli and Puricelli's law firm. On May 25, 2004, the Honorable Thomas Watkins, now retired, granted Morris's motion for summary judgment on the issue of liability, preserving the issue of damages for trial. Attorney Puricelli, acting *pro se,* filed an appeal from Judge Watkins's order granting summary judgment on liability, as well as a King's Bench petition in the Pennsylvania Supreme Court. The King's Bench petition was denied by the Pennsylvania Supreme Court, while this Court quashed Attorney Puricelli's direct appeal as interlocutory. We further granted Attorney Morris's request for sanctions related to Puricelli's actions in filing an interlocutory appeal.

¶ 11 A trial on damages was held in June 2005 before Judge Younge. At the conclusion of the trial, the jury awarded Attorney Morris a total of $47,000.00 in damages. The trial court assessed further damages against Attorney Puricelli totaling $12,079.22 pursuant to this Court's order as well as pursuant to an outstanding contempt petition. Attorney Puricelli filed post-trial motions, which the trial court failed to rule upon within 120 days. As a result, judgment was entered as a matter of law upon Attorney Puricelli's praecipe, and this timely appeal followed.

¶ 12 On appeal, Attorney Puricelli raises the following issues for our review:

1. Did the trial court err as a matter of law in granting summary judgment against defendant Puricelli on plaintiff Morris's claim for wrongful use of civil proceedings because genuine issue of material fact exist concerning: (a) whether Puricelli, acting as

---

**2.** Wrongful use of civil proceedings is codified under 42 PA. CONS.STAT.ANN. § 8351, the Dragonetti Act.

counsel in federal civil rights case filed in federal district court in Philadelphia, had probable cause to file that lawsuit on behalf of his client; and (b) whether Puricelli acted primarily for a purpose other than that of securing the proper adjudication of his client's federal civil rights claims?

2. Where an attorney and the law firm of which he is the sole owner defend against the underlying lawsuit on a *pro se* basis—and therefore incur no actual attorneys' fees that they have paid, or are responsible to pay, as a result of defending against that lawsuit—can the attorney and his law firm nevertheless recover as "attorneys' fees" in the wrongful use of civil proceedings action the supposed retail value of their time defending against the underlying lawsuit?

3. Were the amounts the trial court awarded as sanctions to Morris and his law firm for seeking the dismissal of Puricelli's two premature appeals to this Court improperly based on the retail hourly rates of those lawyers for their *pro se* work, and were those awards in any event impermissibly exorbitant?

4. Can an award of punitive damages in favor of plaintiffs be sustained based on the evidence introduced at the assessment of damages trial?

5. Did the trial court err in suggesting that defendants' Rule 1925(b) statement of matters complained of on appeal was too lengthy and detailed?

Appellant's Brief, at 5.

■ ¶ 13 As an initial matter we must address Attorney Puricelli's fifth issue, as this issue could result in a waiver of all of his issues on appeal. The trial court concluded, and Appellees argue, that Attorney Puricelli's statement of matters complained of on appeal failed to succinctly apprise the trial court of the issues Attorney Puricelli desired to pursue on appeal, and resultantly all of Attorney Puricelli's issues on appeal should be considered waived. This Court has recently held that "[b]y raising an outrageous number of issues" in a Rule 1925(b) statement, an appellant impedes the trial court's ability to prepare an opinion addressing the issues on appeal, thereby effectively precluding appellate review. *Kanter v. Epstein,* 866 A.2d 394, 401 (Pa.Super.2004), *appeal denied,* 584 Pa. 678, 880 A.2d 1239 (2005), *cert. denied, Spector Gadon & Rosen, P.C. v. Kanter,* 546 U.S. 1092, 126 S.Ct. 1048, 163 L.Ed.2d 858 (2006). As a result, in *Kanter,* we found that the 1925(b) statements, which collectively included over 100 issues, resulted in a waiver of all issues on appeal. *See also Jones v. Jones,* 878 A.2d 86, 89–90 (Pa.Super.2005)(seven-page 1925(b) statement that included approximately twenty-nine issues made it "all but impossible for the trial court to provide a comprehensive analysis of the issues" and thus issues considered waived).

¶ 14 In the case *sub judice,* Attorney Puricelli purportedly raised 29 issues in his 1925(b) statement. We first note that this is approximately one-quarter the number of issues that we found "outrageous" in *Kanter.* Furthermore, as the trial court correctly notes in its opinion, many of these 29 issues are redundant; a careful reading of Attorney Puricelli's 1925(b) statement reveals far fewer than 29 issues. In light of these circumstances, we find that despite the clearly inartful drafting of the 1925(b) statement, the intent of the Rules of Appellate Procedure was not intentionally subverted, and therefore we decline to exercise our discretion to quash all of Attorney Puricelli's issues on appeal.

¶ 15 Turning to the merits of the appeal, Attorney Puricelli's first issue concerns the

propriety of Judge Watkins's order granting summary judgment on the issue of liability. Our scope and standard of review of a summary judgment motion is well-established:

Preliminarily, we note that "summary judgment may be granted only in those cases in which the record clearly shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law." *Capek v. Devito,* 564 Pa. 267, 270 n. 1, 767 A.2d 1047, 1048 n. 1 (2001). Our standard of review is well-settled: we may reverse a grant of summary only for an abuse of discretion or error of law. *See McCarthy v. Dan Lepore & Sons Co., Inc.,* 724 A.2d 938, 941 (Pa.Super.1998), *appeal denied* 560 Pa. 707, 743 A.2d 921 (1999).

*Sulkowski v. PPCIGA,* 871 A.2d 227, 229 (Pa.Super.2005), *appeal denied,* 586 Pa. 751, 892 A.2d 824 (2005). Furthermore, our scope of review is plenary. *Valley Medical Facilities, Inc. v. Pennsylvania,* 902 A.2d 547, 548 (Pa.Super.2006).

■ ¶ 16 Attorney Puricelli contends that Judge Watkins erred in concluding that there were no issues of material fact on the issue of liability. To sustain a claim for wrongful use of civil proceedings, a plaintiff must prove that the defendant initiated or continued civil proceedings against the plaintiff:

(a) without probable cause or in a grossly negligent manner;

(b) for an improper purpose; and

(c) that those proceedings were terminated in favor of the plaintiff.

*Bannar v. Miller,* 701 A.2d 232, 238 (Pa.Super.1997), *appeal denied* 555 Pa. 706, 723 A.2d 1024 (1998). The burden of

establishing each of these elements lies squarely with the plaintiff. 42 Pa. Cons. Stat. Ann. § 8354. Therefore, in order to justify the grant of summary judgment in his favor, a plaintiff must establish that there is no dispute of material fact with respect to each element.

■ ¶ 17 A careful review of the record before the trial court at summary judgment reveals that Attorney Morris had not met this very high burden. Specifically, it must be re-emphasized that "[e]ven if an attorney lacked probable cause in filing a lawsuit on behalf of a client, he is not liable for wrongful use of civil proceedings unless he filed the lawsuit with an improper purpose." *Broadwater v. Sentner,* 725 A.2d 779, 784 (Pa.Super.1999), *appeal denied,* 562 Pa. 664, 753 A.2d 814 (2000). As a result "[a]n attorney is not required or expected to prejudge his client's claim, and although he is fully aware that its chances of success are comparatively slight, it is his responsibility to present it to the court for adjudication if his client so insists after he has explained to the client the nature of the chances." *Id.*

¶ 18 In the case *sub judice,* Judge Watkins found that "the federal lawsuit proceeded against the wishes of Mr. DiPaolo." [3] However, the testimony cited by Judge Watkins in support of this conclusion is insufficient to establish the absence of an issue of material fact:

Q. So if the township would have immediately reinstated you, paid you the back wages that were awarded to you in arbitration proceedings, you would not have filed this lawsuit?

[DiPaolo] I *probably* would not have.

(Pa.Com.Pl., Philadelphia County, 2003).

---

**3.** Judge Watkins' opinion is published at *Morris v. DiPaolo,* 65 Pa. D. & C.4th 185, 194

*Id.,* citing N.T. 5/12/02 at 113–114 (emphasis added). From this deposition testimony, Judge Watkins concluded that "reinstatement with back pay was the sole reason Mr. DiPaolo wanted to file the federal complaint." *Id.,* at 195. However, as the testimony indicates, there may have been other considerations, as DiPaolo was not certain that he would have declined to file the federal complaint.

¶ 19 Furthermore, Judge Watkins cited to Attorney Puricelli's statements during argument in the Eastern District:

> The Court:—and, therefore, you no longer feel this case has merit?
>
> [Puricelli]: Correct [in regard to most of the defendants] … Now, with Mr. Morris, his is a very attenuated action and I only have one Supreme Court decision that really supports it and I've explained that. Mr. DiPaolo is agreeable to let him out.

*Id.,* at 192 (citing N.T. 12/1/01 at 9). Again, as we noted above, as long as an attorney believes that there is a slight chance that his client's claim will be successful, it is not the attorney's duty to prejudge the case. Attorney Puricelli's statement that the case against Attorney Morris was "attenuated", while sufficient to allow for an inference of improper motive, is not sufficient to support a finding of improper motive as a matter of law.

¶ 20 In light of the foregoing discussion, we conclude that Attorney Morris had not met the extremely high burden necessary to sustain a grant of summary judgment on the issue of liability. Attorney Puricelli had not conceded that he acted with an improper purpose, and therefore it was Attorney Morris's burden to establish this element by a preponderance of the evidence. With a record as inconclusive as this one regarding Puricelli's intent, the subjective state of mind under which Attorney Puricelli was acting remained an issue of fact to be determined by the jury.

¶ 21 We recognize that the evidence of record in the case *sub judice* established a *prima facie* case against Attorney Puricelli; however, it did not foreclose all issues of material fact. Accordingly, it was error for the trial court to enter summary judgment in favor of Attorney Morris on the issue of liability. As this renders the remainder of the appeal moot, we need not address any of Attorney Puricelli's other issues on appeal.

¶ 22 Order vacated. Case remanded for further proceedings in accordance with this opinion. Jurisdiction relinquished.