J-S49039-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| V.S.K. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| Y.V.K. | : | |
| | : | |
| Appellant | : | No. 695 MDA 2018 |

Appeal from the Order Entered April 24, 2018
in the Court of Common Pleas of Cumberland County Civil Division at
No(s):  2016-03340

BEFORE:   SHOGAN, J., STABILE, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED OCTOBER 11, 2018**

Appellant, Y.V.K. ("Mother"), files this appeal, *pro se*, from the order

dated April 23, 2018, and entered on April 24, 2018,[1] in the Cumberland

County Court of Common Pleas, setting forth a Parenting Plan awarding her

and V.S.K. ("Father") shared legal custody and shared physical custody of

---

[1] The subject order was dated April 23, 2018.  However, the clerk did not provide notice pursuant to Pa.R.C.P. 236(b) until April 24, 2018, and did not docket such order and notice until April 24, 2018.  Our appellate rules designate the date of entry of an order as "the day on which the clerk makes the notation in the docket that notice of entry of the order has been given as required by Pa.R.C.P. 236(b)."  Pa.R.A.P. 108(b).  Further, our Supreme Court has held that "an order is not appealable until it is entered on the docket with the required notation that appropriate notice has been given."  ***Frazier v. City of Philadelphia***, 557 Pa. 618, 621, 735 A.2d 113, 115 (1999).

* Former Justice specially assigned to the Superior Court.

their minor children, daughter J.V.K., born in June 2008, and son M.V.K., born in December 2006 (collectively, "the Children"). After a careful review, we affirm the trial court's order.

Mother and Father were married on March 4, 2006, and they separated on April 29, 2016. Joint Stipulation of Facts, 3/22/18. On June 13, 2016, Father filed a Complaint for Custody seeking shared legal and partial physical custody of the Children. By order entered on July 18, 2016, after a conciliation conference on July 13, 2016, Mother and Father agreed to shared legal custody, and primary physical custody with Mother and partial physical custody with Father every other weekend. Order, 7/18/16. The parties participated in another conciliation conference on September 16, 2016, and pre-trial conferences on October 28, 2016, and December 8, 2016. The trial court appointed the Children a guardian *ad litem*, Diane G. Radcliffe, Esquire, by order entered on September 20, 2016. Order, 9/20/16.

Thereafter, by order entered on February 14, 2017, subsequent to another pre-trial conference, the court awarded shared primary physical custody on a week-on week-off basis with exchanges on Sundays at 7:00 p.m. The non-custodial parent was additionally entitled to custody on the Wednesday of their "off week" from afterschool until 7:00 p.m., as well as nightly telephone contact at 7:00 p.m. The order further postponed trial,

pending completion of a custody evaluation,[2] and maintained the appointment of the guardian *ad litem* as being "in the best interests of the Children." Order, 2/14/17.

By order entered on February 16, 2017, the court appointed counsel for Mother. Order, 2/16/17. However, counsel's petition to withdraw was granted by order entered on October 25, 2017. Order, 10/25/17. While the trial court's order granting counsel's petition to withdraw was appealed by Mother at Superior Court No. 1687 MDA 2017, said appeal was quashed by this Court on December 7, 2017. Per Curiam Order, 12/7/17.

Subsequent to quashal of Mother's appeal and remittal, and after a conciliation conference on December 15, 2017,[3] and a pre-trial conference on March 9, 2018,[4] the court conducted a custody trial on March 29, 2018.[5]

---

[2] A custody evaluation was first ordered pursuant to order entered on December 8, 2016. Order, 12/8/16.

[3] Pursuant to order entered on December 22, 2017, the court maintained the status quo.

[4] While Mother indicates suspension of and subsequent failure to reschedule or reconvene this conference in her Rule 1925(b) Statement, as well as her brief, this is not indicated elsewhere in the certified record. Mother's Rule 1925(b) Statement at 2-3, ¶¶6, 7; Mother's Brief at 21. Further, we observe that the trial court issued a pre-trial order on March 12, 2018. Among pre-trial instructions and directives, said order noted the commencement of trial on March 29, 2018. Order, 3/12/18.

[5] The matter was now being handled by the Honorable Thomas A. Placey pursuant to the recusal of the Honorable Jessica E. Brewbaker and assignment

Father, who was represented by counsel, testified on his own behalf and presented the testimony of his mother, Paternal Grandmother, V.N. Mother, who appeared *pro se*, testified on her own behalf. Additionally, the Children's guardian *ad litem* was in attendance and testified and presented her report.

By order dated April 23, 2018, and entered on April 24, 2018, the court entered a Parenting Plan, finding it in the Children's best interests that the parties share legal and physical custody of the Children. Order, 4/24/18, at 1-3. As to physical custody, the court ordered physical custody on a week-on week-off basis, with exchanges on Fridays after school or, if there is no school, 5:00 p.m. Additionally, the non-custodial parent was to have the Children on Wednesday from after school until 7:00 p.m. during their "off" week. The order further included a default holiday and special days schedule, should the parties not agree to one, as well as provisions with regard to communication and conduct. *Id.* at 3-4. In coming to this conclusion, the court analyzed the custody factors set forth in 23 Pa.C.S.A. § 5328(a). *Id.* at 10-15. The court further recognized a pattern of "obstinate and vexatious behavior" on the part of Mother, as well as Mother's focus on casting herself throughout the litigation as a victim with regard to her relationship with Father, rather than concentrating on what is best for the Children. *Id.* at 16-17.

---

to Judge Placey, as noted by order dated November 2, 2017, and entered November 3, 2017. Order, 11/3/17.

Immediately thereafter, on April 25, 2018, Mother filed a notice of appeal *pro se*. Mother filed a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(a)(2)(i) and (b) with this Court on May 12, 2018.[6] Prior to Mother filing her Rule 1925(b) Statement, the trial court issued a Response in Lieu of Opinion Pursuant to Pa.R.A.P. 1925(a) dated May 1, 2018, and entered on May 2, 2018. Noting that Mother filed an appeal within twenty-four hours, the trial court indicated that it considered the matter closed[7] and ordered the file forwarded for appellate review upon completion of the transcript.

On appeal, Mother raises the following issue for our review:

---

[6] Mother suggests that there was an order entered on April 30, 2018, which directed her to file a Rule 1925(b) Statement. Mother's Brief at 9. However, upon review, it appears that Mother is referring to correspondence from this Court forwarding the docket. While Mother violated Pa.R.A.P. 1925(a)(2)(i) by failing to file a concise statement of errors complained of on appeal concurrently with her notice of appeal, as Mother filed a statement only seventeen days later and there is no assertion of any prejudice, we do not quash or dismiss on this basis. **See In re K.T.E.L.**, 983 A.2d 745, 747 (Pa.Super. 2009) (holding that failure to file a 1925(b) concurrently with a children's fast track appeal is considered a defective notice of appeal, to be disposed of on a case by case basis, but did not result in dismissal or quashal where there was no prejudice to the other parties as a result of the late filing); **Cf. Mudge v. Mudge**, 6 A.3d 1031 (Pa.Super. 2011) and **J.M.R. v. J.M.**, 1 A.3d 902 (Pa.Super. 2010) (failure to file a Rule 1925(b) statement of errors complained of on appeal, when ordered by the Superior Court, will result in a waiver of all issues on appeal); **J.P. v. S.P.**, 991 A.2d 904 (Pa.Super. 2010) (finding that the appellant waived issues for appeal by failing to comply with the trial court's order directing her to file a Rule 1925(b) Statement within 21 days).

[7] The court additionally observed that, at that point, the matter had not been designated a Children's Fast Track matter. The matter has since been classified as such.

[W]hether the court may base its award of shared custody on the unsworn testimony of a non-party witness, and admit into evidence the work product of unsworn witnesses not subject to cross-examination[?]

Mother's Brief at 6.

Initially, we note that, in custody cases under the Child Custody Act, ("the Act"), 23 Pa.C.S.A. §§ 5321-5340, our standard of review is as follows:

> In reviewing a custody order, our scope is of the broadest type and our standard is abuse of discretion. We must accept findings of the trial court that are supported by competent evidence of record, as our role does not include making independent factual determinations. In addition, with regard to issues of credibility and weight of the evidence, we must defer to the presiding trial judge who viewed and assessed the witnesses first-hand. However, we are not bound by the trial court's deductions or inferences from its factual findings. Ultimately, the test is whether the trial court's conclusions are unreasonable as shown by the evidence of record. We may reject the conclusions of the trial court only if they involve an error of law, or are unreasonable in light of the sustainable findings of the trial court.

*C.R.F. v. S.E.F.*, 45 A.3d 441, 443 (Pa.Super. 2012) (citation omitted).

The paramount concern in any custody case decided under the Act is the best interests of the child. *See* 23 Pa.C.S.A. §§ 5328, 5338. Section 5328(a) sets forth the best interest factors that the trial court must consider. *See E.D. v. M.P.*, 33 A.3d 73, 79-80 n.2 (Pa.Super. 2011). Specifically, Section 5328(a) of the Act provides as follows:

**§ 5328. Factors to consider when awarding custody**

**(a) Factors.**—In ordering any form of custody, the court shall determine the best interest of the child by considering all relevant factors, giving weighted consideration to those factors which affect the safety of the child, including the following:

(1) Which party is more likely to encourage and permit frequent and continuing contact between the child and another party.

(2) The present and past abuse committed by a party or member of the party's household, whether there is a continued risk of harm to the child or an abused party and which party can better provide adequate physical safeguards and supervision of the child.

(2.1) The information set forth in section 5329.1(a)(1) and (2) (relating to consideration of child abuse and involvement with protective services).

(3) The parental duties performed by each party on behalf of the child.

(4) The need for stability and continuity in the child's education, family life and community life.

(5) The availability of extended family.

(6) The child's sibling relationships.

(7) The well-reasoned preference of the child, based on the child's maturity and judgment.

(8) The attempts of a parent to turn the child against the other parent, except in cases of domestic violence where reasonable safety measures are necessary to protect the child from harm.

(9) Which party is more likely to maintain a loving, stable, consistent and nurturing relationship with the child adequate for the child's emotional needs.

(10) Which party is more likely to attend to the daily physical, emotional, developmental, educational and special needs of the child.

(11) The proximity of the residences of the parties.

(12) Each party's availability to care for the child or ability to make appropriate child-care arrangements.

(13) The level of conflict between the parties and the willingness and ability of the parties to cooperate with one another. A party's effort to protect a child from abuse by another party is not evidence of unwillingness or inability to cooperate with that party.

(14) The history of drug or alcohol abuse of a party or member of a party's household.

(15) The mental and physical condition of a party or member of a party's household.

(16) Any other relevant factor.

23 Pa.C.S.A. § 5328(a).

In this case, in its order, the trial court analyzed and addressed each factor pursuant to Section 5328(a) and the Children's best interests. Order, 4/24/18, at 10-15, ¶7. Notwithstanding, before addressing the merits of Mother's appeal and any issues raised, we determine whether the issues have been properly preserved for our review. *See Commonwealth v. Wholaver*, 588 Pa. 218, 903 A.2d 1178 (2006) (holding this Court may *sua sponte* determine whether issues have been properly preserved for appeal).

Pennsylvania Rule of Appellate Procedure 1925(a)(2)(i) requires an appellant in a Children's Fast Track matter to submit a Concise Statement of Errors Complained of on Appeal along with the Notice of Appeal. *See* Pa.R.A.P. 1925(a)(2)(i) ("The concise statement of errors complained of on appeal shall be filed and served with the notice of appeal required by Rule 905. . . ."). Pursuant to subsection (b), Rule 1925 relevantly provides:

(i) The Statement shall set forth only those rulings or errors that the appellant intends to challenge.

(ii) The Statement shall concisely identify each ruling or error that the appellant intends to challenge with sufficient detail to identify all pertinent issues for the judge. The judge shall not require the citation to authorities; however, appellant may choose to include pertinent authorities in the Statement.

***

(iv) The Statement should not be redundant or provide lengthy explanations as to any error. Where non-redundant, non-frivolous issues are set forth in an appropriately concise manner, the number of errors raised will not alone be grounds for finding waiver.

Pa.R.A.P. 1925(b)(4)(i), (ii), (iv).

Pennsylvania Courts have repeatedly held that an appellant waives all matters for review where he or she identifies an outrageous number of issues in the concise statement. *See Jones v. Jones*, 878 A.2d 86 (Pa.Super. 2005) (holding seven page, twenty-nine issue statement resulted in waiver); *Kanter v. Epstein*, 866 A.2d 394 (Pa.Super. 2004) (finding fifteen page, fifty-five issue statement resulted in waiver). However, "the number of issues raised in a Rule 1925(b) statement does not, without more, provide a basis upon which to deny appellate review where an appeal otherwise complies with the mandates of appellate practice." *Mahonski v. Engel*, 145 A.3d 175, 181 (Pa.Super. 2016) (quotation marks and quotation omitted).

Moreover, this Court has held:

Rule 1925 is intended to aid [lower court] judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process. When a court has to guess what issues an appellant is appealing, that is not enough for meaningful review. When an appellant fails adequately to identify in a concise manner the issues sought to be pursued on appeal, the [lower] court is impeded in its preparation of a legal analysis which is pertinent to those issues. In other words, a concise statement which is too vague to allow the court to identify the issues raised on appeal is the functional equivalent of no concise statement at all.

*Commonwealth v. Ray*, 134 A.3d 1109, 1114 (Pa.Super. 2016) (quotation omitted).

Accordingly, this Court has concluded that the submission of a Rule 1925(b) statement which is so redundant, vague, incoherent, or confusing as to prevent the lower court from engaging in a meaningful analysis results in waiver of all claims presented. *Mahonski*, *supra* (finding waiver of all claims where statement was overly vague, redundant, and contained multiple sub-issues); *Ray*, *supra* (finding waiver of all claims where the appellant failed to identify his claims in an adequate and concise manner).

Further, our Rules of Appellate Procedure delineate certain briefing requirements on appeal. Specifically, pursuant to Pennsylvania Rule of Appellate Procedure 2111:

> **(a)  General rule.--**The brief of the appellant, except as otherwise prescribed by these rules, shall consist of the following matters, separately and distinctly entitled and in the following order:
>
> (1)  Statement of jurisdiction.
> (2)  Order or other determination in question.
> (3)  Statement of both the scope of review and the standard of review.
> (4)  Statement of the questions involved.
> (5)  Statement of the case.
> (6)  Summary of argument.
> (7)  Statement of the reasons to allow an appeal to challenge the discretionary aspects of a sentence, if applicable.
> (8)  Argument for appellant.
> (9)  A short conclusion stating the precise relief sought.

(10) The opinions and pleadings specified in Subdivisions (b) and (c) of this rule.

(11) In the Superior Court, a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Rule 1925(b), or an averment that no order requiring a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered.

**(b) Opinions below.--**There shall be appended to the brief a copy of any opinions delivered by any court or other government unit below relating to the order or other determination under review, if pertinent to the questions involved. If an opinion has been reported, that fact and the appropriate citation shall also be set forth.

**(c) Pleadings.--**When pursuant to Rule 2151(c) (original hearing cases) the parties are not required to reproduce the record, and the questions presented involve an issue raised by the pleadings, a copy of the relevant pleadings in the case shall be appended to the brief.

**(d) Brief of the Appellant.--**In the Superior Court, there shall be appended to the brief of the appellant a copy of the statement of errors complained of on appeal, filed with the trial court pursuant to Pa.R.A.P. 1925(b). If the trial court has not entered an order directing the filing of such a statement, the brief shall contain an averment that no order to file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) was entered by the trial court.[8]

Pa.R.A.P. 2111 (footnote added).

Rules 2114 through 2119 establish and set forth in detail the specifics as to each of the required sections of the brief. *See* Pa.R.A.P. 2114-2119. As to the argument section of a brief, Rule 2119 provides as follows:

**Rule 2119. Argument.**

---

[8] As indicated above, in children's fast track matters, a concise statement of errors complained of on appeal is required to be submitted with the notice of appeal. Pa.R.A.P. 1925(a)(2)(i).

**(a)** *General rule.*—The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

**(b)** *Citations of authorities.*—Citations of authorities in briefs shall be in accordance with Pa.R.A.P. 126 governing citations of authorities.

**(c)** *Reference to record.*—If reference is made to the pleadings, evidence, charge, opinion or order, or any other matter appearing in the record, the argument must set forth, in immediate connection therewith, or in a footnote thereto, a reference to the place in the record where the matter referred to appears (*see* Pa.R.A.P. 2132).

**(d)** *Synopsis of evidence.*—When the finding of, or the refusal to find, a fact is argued, the argument must contain a synopsis of all the evidence on the point, with a reference to the place in the record where the evidence may be found.

**(e)** *Statement of place of raising or preservation of issues.*—Where under the applicable law an issue is not reviewable on appeal unless raised or preserved below, the argument must set forth, in immediate connection therewith or in a footnote thereto, either a specific cross-reference to the page or pages of the statement of the case which set forth the information relating thereto as required by Pa.R.A.P. 2117(c), or substantially the same information.

Pa.R.A.P. 2119.

Rule 2101 provides as follows with regard to non-compliance:

Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

We have held that an appeal may be dismissed and/or quashed where the deficiencies of the appellant's brief are such that we are unable to conduct a meaningful review. *Karn v. Quick & Reilly, Inc.*, 912 A.2d 329, 337 (Pa.Super. 2006); *Branch Banking & Trust v. Gesiorski*, 904 A.2d 939, 943 (Pa.Super. 2006); *Commonwealth v. Maris*, 629 A.2d 1014, 1017 (Pa.Super. 1993). Moreover, we cannot accord special relief to an appellant merely because of her *pro se* status. *See id.* As stated in *Commonwealth v. Rivera*, 685 A.2d 1011, 1013 (Pa.Super. 1996), quoting *O'Neill v. Checker Motors Corp.*, 567 A.2d 680, 682 (Pa.Super. 1989):

> While this court is willing to liberally construe materials filed by a *pro se* litigant, we note that appellant is not entitled to any particular advantage because she lacks legal training. As our [S]upreme [C]ourt has explained, any layperson choosing to represent [herself] in a legal proceeding must, to some reasonable extent, assume the risk that [her] lack of expertise and legal training will prove [her] undoing.

In the case *sub judice*, we observe that Mother's Rule 1925(b) Statement is eleven pages and consists of thirty-two points of alleged trial court error. The voluminous Statement is vague, redundant, and poses a burden to the court in contravention to the purpose of Rule 1925(b). *See Kanter*, *supra*. Upon closer review, while we acknowledge some potential narrowing of Mother's issues, we find this minimal and decline to attribute the voluminous statement to mere inartful drafting. *See Boehm v. Riversource Life Ins. Co.*, 117 A.3d 308, 319 n.3 (Pa.Super. 2015); *Morris v. DiPaolo*,

930 A.2d 500 (Pa.Super. 2007). As such, we find Mother's issues on appeal to be waived. ***See Jones***, ***supra***; ***Kanter***, ***supra***.

Further, with regard to her brief, Mother continues to hamper meaningful review through presentation of a deficient brief. While Mother's brief contains the requisite sections, as to the argument section of her brief, Mother commences with a lengthy twelve-page background throughout which she alludes to additional trial court errors not raised in her statement of questions involved. Mother then continues with her argument, presenting an additional twelve-page stream-of-consciousness, disjointed discussion, and again suggesting claims and issues far beyond her statement of questions involved. Although Mother offers headings and points of separation, these do not serve any beneficial organizational purpose, as they do not serve to confine Mother's discussion to that which is stated.

In addition, Mother's statement of questions involved does not serve to limit and guide her headings and points of separation and, in turn, her argument. ***See*** Pa.R.A.P. 2119(a). Mother offers a sole issue in her statement of question involved, but presents numerous sections and subsections throughout her argument. Moreover, despite some citation to legal authority, in particular as to general, broad principles, Mother fails to provide the necessary citation to legal authority consistently throughout her argument. ***See*** Pa.R.A.P. 2119(b). Mother, likewise, fails to provide citation to the record beyond the background portions of her argument and fails to indicate, when

applicable, where she raised such issue and challenge below. *See* Pa.R.A.P. 2119(c), (e).

Hence, Mother's brief, as a result of its deficiencies, similarly fails to promote and allow meaningful review. In fact, taken in context, Mother's behavior represents a course of misconduct throughout the instant litigation which suggests bad faith and an attempt to thwart the appellate review.

For the forgoing reasons, we find that Mother has waived all issues on appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/11/2018