J-A04016-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PCIC A/S/O LAURIE DIPASQUALE AND LAURIE DIPASQUALE, IN HER OWN RIGHT, | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | No. 3111 EDA 2018 |
| MARGARET M. KIELY ATTY-IN-FACT ON BEHALF OF CHRISTINE FEINSTEIN AND KEVIN H. WRIGHT ESQUIRE | : | |

Appeal from the Order Entered October 3, 2018
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): June Term, 2017 No. 00645

BEFORE:   PANELLA, P.J., STRASSBURGER, J.[*], and COLINS, J.[*]

MEMORANDUM BY PANELLA, P.J.:                    **FILED FEBRUARY 28, 2020**

The issue in this appeal is whether the Court of Common Pleas of Philadelphia County properly sustained the preliminary objections of Appellees, Margaret M. Kiely, acting as attorney-in-fact on behalf of Christine Feinstein, and Kevin H. Wright, Esquire. We affirm.

Appellants, Philadelphia Contributionship Insurance Company ("PCIC"), and Laurie DiPasquale, an insurance claims adjustor for PCIC, denied coverage to defend Feinstein, a policyholder, in an underlying tort action. Kiely, acting as attorney-in-fact on behalf of Feinstein, filed a Complaint against Appellants. The Complaint essentially alleged that Appellants had acted improperly and in

_____

[*] Retired Senior Judge assigned to the Superior Court.

bad faith by failing to make an appropriate investigation of the claims and refusing to defend Feinstein ("Bad Faith Complaint"). Wright represented Kiely in the matter. DiPasquale filed preliminary objections to dismiss the claims against her, which the trial court granted. The trial court subsequently granted PCIC's motion for compulsory nonsuit. This Court eventually affirmed the nonsuit.

DiPasquale and PCIC, as "subrogee" of DiPasquale, in turn, filed a Complaint against Appellees ("Appellants' Complaint"). That Complaint alleged one count for wrongful use of civil proceedings under the Dragonetti Act, 42 Pa. C.S.A. § 8351 ("Dragonetti count") and a second count for publically placing DiPasquale in a false light ("false light count"). Appellees filed preliminary objections in the nature of a demurrer, which the trial court sustained on the basis that Appellants had failed to set forth a *prima facie* case for either count in the Complaint. The court therefore dismissed the complaint with prejudice, and Appellants now appeal to this Court.[1]

At the outset, we are constrained to agree with Appellees that Appellants' brief is not sufficiently developed. Appellees first note that Appellants have apparently abandoned their false light count as they do not

_____

[1] It appears that only DiPasquale in her own right is appealing to this Court at this docket number. We note that in an appeal docketed at 42 EDA 2019, it appears that PCIC appealed from the same order in its own right, independent of DiPasquale. However, because of the layered procedural history of this case, and because PCIC a/s/o DiPasquale is named as a party, we will, as the trial court did below and Appellees both do in their briefs, continue to refer to PCIC and DiPasquale as the "Appellants."

make any argument at all regarding that count. Appellants concede in their brief that they have "waived any right to appeal [the false light] Count," as they contend they are not appealing the trial court's dismissal of that count to this Court. Appellants' Brief at 3. Accordingly, that issue is not before us.

As for Appellants' claim that the trial court erred by granting the preliminary objections to their Dragonetti count, Appellants' argument section does not cite to any legal authority in support of their assertions beyond a one-sentence statement regarding the general rule of what the trial court is limited to considering when ruling on preliminary objections. Appellants never even outline what is necessary to establish a *prima facie* case for a Dragonetti claim, even though their only remaining issue alleges that the trial court erred by concluding that they have failed to do so here. And while Appellants summarily challenge the trial court's conclusion on multiple grounds, those challenges simply do not contain any kind of meaningful legal analysis. As Appellees note, this Court has made clear that:

> The Rules of Appellate Procedure state unequivocally that each question an appellant raises is to be supported by discussion and analysis of pertinent authority. Appellate arguments which fail to adhere to these rules may be considered waived, and arguments which are not appropriately developed are waived. Arguments not appropriately developed include those where the party has failed to cite any authority in support of a contention.

***Coulter v. Ramsden***, 94 A.3d 1080, 1088 (internal citations omitted); ***see also*** Pa.R.A.P. 2119(a) (stating that the Argument section of the brief "shall

have at the head of each part" of the Argument "the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent").

We agree that Appellants' brief fails to comply with the Rules of Appellate Procedure, and therefore that Appellants have waived their claim that the trial court erred by granting Appellees' preliminary objections. We also note that although both Appellees separately challenged the sufficiency of Appellants' brief, Appellants' reply brief did not respond to these challenges or attempt to remedy their initial brief's deficiencies.

Even if we were to overlook waiver, we would find that Appellants have not shown that the trial court erred in granting Appellees' preliminary objections and dismissing the Dragonetti count.

"Where it appears that the law will not permit recovery, the court may sustain preliminary objections in the nature of a demurrer." ***Bayada Nurses, Inc. v. Commonwealth of Pennsylvania, Dept. of Labor and Industry***, 8 A.3d 866, 884 (Pa. 2010). The court must accept as true all well-pleaded material facts and any reasonable inferences derived from those facts. ***See Bargo v. Kuhns***, 98 A.3d 686, 689 (Pa. Super. 2014) (citations omitted). However, a court need not accept as true conclusions of law, unwarranted inferences from facts, expressions of opinions or allegations. ***See Bayada***, 8 A.3d at 884. In determining whether the trial court properly sustained preliminary objections, this Court must examine the averments in the complaint, together with the documents and exhibits attached thereto, in

order to evaluate the sufficiency of the facts averred. **See Foster v. UPMC South Side Hosp.**, 2 A.3d 655, 662 (Pa. Super. 2010) (citations omitted).

To sustain a claim under the Dragonetti Act, Appellants, like all plaintiffs, were required to allege and prove that Appellees initiated or continued civil proceedings against them: (1) without probable cause or in a grossly negligent manner; (2) for an improper purpose; and (3) which terminated in Appellants' favor. **See Morris v. DiPaolo**, 930 A.2d 500, 504 (Pa. Super. 2007). The burden of establishing each of these elements rests with Appellants. **See id**. To establish that there was an improper purpose, Appellants must show that Appellees acted "primarily for a purpose other than that of securing the proper discovery, joinder of parties or adjudication of the claim in which the proceedings are based." 42 Pa. C.S.A. § 8354(4).

Here, Appellants assert in their brief that Appellees improperly sued DiPasquale "individually and separately from PCIC" and "demand[ed] [that] she personally provide coverage to Appellees." Appellants' Brief at 4, 11. They claim Appellees had no "proper motive for suing DiPasquale individually." **Id**. at 12. In their Complaint, Appellants averred that Appellees sued DiPasquale "in her capacity as an individual citizen," and this served "the improper purpose of putting undue pressure and expense against PCIC in an attempt to force an unfair, quick and favorable settlement of their separate claims against PCIC." Appellants' Complaint, 6/7/2017, at ¶¶ 6, 36.

Appellants attached Appellees' Bad Faith Complaint to their Complaint as Exhibit "A." The trial court looked to the Bad Faith Complaint and found it

clearly showed that, contrary to Appellants' assertions, Appellees had sued DiPasquale solely in her capacity as the claims adjuster for PCIC. To that end, the trial court noted that paragraph five of Appellees' Bad Faith Complaint identified DiPasquale as a claims adjuster with PCIC and listed her business address as being that of PCIC. The court then noted that each count of Appellees' Bad Faith Complaint incorporated the previous paragraphs by reference therein. **See** Appellees' Complaint, 12/30/2016, at ¶¶ 34, 41, 49, 56, 63, 68, 73, 80.

Given this construct, the trial court found that every claim brought against DiPasquale was in her capacity as the claim adjustor responsible for the handling of Feinstein's insurance claim and not, as Appellants allege, in her capacity as an individual citizen.[2] Appellants have not demonstrated, nor do we see, any error in this conclusion. As the trial court found, "it was not unreasonable for [Appellees] to name the insurance claims adjuster who denied Ms. Feinstein's claims for coverage." Trial Court Opinion, 10/3/18, at 10. In light of these circumstances, we would find that even if Appellants had

---

[2] The trial court chastised Appellants for their "misrepresentation" that Appellees were suing DiPasquale as an "individual private citizen." Trial Court Opinion, 10/3/18, at 5-6. The court stated that it was inappropriate for Appellants to "manipulate the [Rules] by filing a misrepresentation" and then argue that the court must accept it as true. **Id**. The court also cited to the portion of Kiely's Memorandum of Law which stated that Appellants "disingenuously" portrayed DiPasquale as having "nothing to do with the denial of Ms. Feinstein's claim," when it was "clear that she was sued as the adjuster who denied the underlying claim and was not some unassociated, unrelated 'individual citizen'." Kiely Memorandum of Law in Support of Preliminary Objections, 9/12/17, at ¶¶ 68-69.

not waived their claim, they nonetheless failed to establish a *prima facie* case for what they alleged was Appellees' improper purpose for filing the Bad Faith Complaint.

In sum, we conclude that Appellants waived their claim that the trial court erred by sustaining Appellees' preliminary objections to their Dragonetti claim. Even if not waived, however, we agree with the trial court that Appellants failed to set forth a *prima facie* case for their Dragoneitti claim and therefore that Appellees' preliminary objections were properly sustained.[3]

Order Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/28/20

_____

[3] We realize that the trial court also found, and Appellees continue to argue, that Appellants had not made out a *prima facie* case for their Dragonetti claim because Appellees' Bad Faith action was still on appeal to this Court at the time Appellants filed their Complaint. Therefore, according to the trial court, Appellants had not established that the underlying proceedings had "terminated" in their favor. However, this Court has since issued its opinion affirming the trial court's order granting a compulsory nonsuit in the Bad Faith action. ***See Kiely v. Philadelphia Contributorship Insurance Company***, 206 A.3d 1140 (Pa. Super. 2019).