J-S07027-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RALPH ANTHONY SAEZ | : | |
| | : | |
| Appellant | : | No. 586 MDA 2023 |

Appeal from the Judgment of Sentence Entered December 15, 2022
In the Court of Common Pleas of Snyder County Criminal Division at
No(s):  CP-55-CR-0000088-2021

BEFORE:   LAZARUS, P.J., KUNSELMAN, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:          **FILED: APRIL 1, 2024**

Ralph Saez appeals *pro se* from the judgment of sentence of probation entered after he was convicted of flight to avoid apprehension, trial or punishment.  18 Pa.C.S.A. § 5126(a).  He presents twenty issues for review.  We affirm.

Saez was on probation for another crime in 2020.  He failed to report to probation meetings and a revocation proceeding.  The county's chief probation officer obtained a bench warrant to arrest Saez.  The officer informed Saez about the warrant.  On October 14, 2020, probation officers and members of the sheriff's office arrived at Saez's house to execute the warrant.  Once the officers confirmed that Saez was in the house (and knew the officers were outside), the officers loudly knocked on the door, gave loud commands, and

_____

[*] Retired Senior Judge assigned to the Superior Court.

used a loud intercom system to direct Saez to surrender. Saez did not exit the house. After two and a half hours, the officers requested assistance from the Pennsylvania State Police. The State Police gave additional commands to Saez over a loud intercom system. Saez did not exit the house until police threw in a "flash bang" device, seven and a half hours after officers had first arrived.

A jury convicted Saez of the above crime. Saez was sentenced on December 15, 2022, and filed timely post-sentence motions on December 27, 2022. The trial court denied the last of Saez's post-sentence motions in an order dated March 10, 2023, which was served to the parties on March 15, 2023. Saez filed a notice of appeal on April 14, 2023. Saez and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

To determine whether Saez had effectively waived his right to counsel on appeal, this Court remanded for a hearing pursuant to **Commonwealth v. Grazier**, 713 A.2d 81 (Pa. 1988). The trial court determined that Saez had knowingly, intelligently, and voluntarily waived his right to counsel, and the case returned to us with Saez proceeding on his own behalf.

We first address our jurisdiction over this appeal. The Commonwealth submits that Saez's notice of appeal was untimely. Saez had 30 days from the "entry" of the order denying his post-sentence motions to file a notice of appeal. Pa.R.Crim.P. 720(A)(2)(a). The "day of entry" of an order is "the day the clerk of the court . . . mails or delivers copies of the order to the parties." Pa.R.A.P. 108(a)(1). Saez therefore had 30 days from March 15, 2023, to file

a notice of appeal. His notice of appeal, filed April 14, 2023, was timely. Consequently, this Court has jurisdiction over Saez's appeal.

Additionally, we note the Commonwealth's suggestion that Saez waived his issues by filing a lengthy Rule 1925 statement. *See Kanter v. Epstein*, 866 A.2d 394, 401 (Pa. Super. 2004) (concluding that appellants waived all 104 issues in their Rule 1925 statement). However, it appears that Saez did not intentionally subvert the purpose of Rule 1925. *Morris v. DiPaolo*, 930 A.2d 500, 503 (Pa. Super. 2007). We decline to find waiver on this basis. Further, the Commonwealth suggests that Saez's appellate brief fails to comply with the appellate rules regarding briefing. Pa.R.A.P. 2111–2135. Although Saez's brief includes minimal citation to authority, it develops an argument on certain issues and otherwise substantially complies with the applicable rules. Therefore, we do not find wholesale waiver of all issues based on briefing. We address Saez's issues in order.

Saez's first issue concerns alleged defects at his preliminary hearing. "The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish that a crime was committed and a probability that the defendant was connected therewith." *Commonwealth v. Sanchez*, 82 A.3d 943, 984 (Pa. 2013). The purpose of a preliminary hearing is not to prepare a defense or present testimony from a defendant. *See id.* Further, "once a defendant has gone to trial and has been found guilty of the crime or crimes charged, any defect in the preliminary hearing is rendered immaterial." *Id.* Nor have we found any support for

Saez's assertion that the format of his preliminary hearing resulted in a loss of jurisdiction. Saez's first issue fails.

Saez's second issue is that the trial court erred by continuing his case after he filed a motion to dismiss for an apparent violation of Pennsylvania Rule of Criminal Procedure 600. *See* Motion, 7/6/22. When a defendant files a motion under Rule 600, "[t]he judge shall conduct a hearing on the motion." Pa.R.Crim.P. 600(D). The purpose of a Rule 600 hearing is for the parties to present factual allegations about whether the defendant was denied his right to a speedy trial and, if so, why. ***Commonwealth v. McGeth***, 622 A.2d 940, 945 (Pa. Super. 1993). However, if the docket entries demonstrate that the defendant was brought to trial before the adjusted run date, then failing to hold a hearing is harmless error. ***Id.***; ***see*** Pa.R.Crim.P. 600(C)(1). Here, the docket entries show that at least 392 days of delay were attributable to Saez and not the Commonwealth. ***See*** Original Papers, 11/24/20 (63 days); Order, 6/9/21 (94 days); Order, 9/10/21 (73 days); Order, 11/22/21 (25 days); Order, 1/4/22 (137 days). Because the complaint was filed October 22, 2020, the adjusted run date was no later than the date of trial, November 18, 2022. Therefore, any error was harmless, and Saez's second issue fails.

Saez's third issue is that the trial court erred by preventing him from presenting evidence to the jury about his hearing loss and tinnitus. The transcript shows that Saez questioned witnesses and testified about his hearing loss. N.T., 11/18/22, at 70, 134, 142. The Commonwealth stipulated

to paperwork about Saez's medical conditions. *Id.* at 144–45. The trial court did not prevent Saez from presenting this evidence. Saez's third issue fails.

Saez's fourth issue concerns the sufficiency of the evidence. "In reviewing the sufficiency of the evidence, this Court determines whether the evidence presented at trial, combined with all reasonable inferences therefrom, is sufficient to conclude that the Commonwealth has established each element of the offense beyond a reasonable doubt. In applying this standard, we bear in mind that the Commonwealth may sustain its burden entirely by means of circumstantial evidence, and the jury as finder of fact is entitled to credit all, part, or none of the evidence presented at trial." *Commonwealth v. Lyons*, 79 A.3d 1053, 1062 (Pa. 2013).

Saez argues that there was no evidence introduced at trial that Saez willfully concealed himself "with the intent to avoid apprehension, trial or punishment." 18 Pa.C.S.A. § 5126(a). Under the statute, it is sufficient to show that a defendant concealed himself "to avoid apprehension and punishment based on his knowledge that he had an outstanding bench warrant for his arrest" for a probation violation. *Commonwealth v. Steffy*, 36 A.3d 1109, 1111–12 (Pa. Super. 2012); *accord Commonwealth v. Schuster*, 258 A.3d 551 (table), 2021 WL 2624685, at *3, 2021 Pa. Super. Unpub. LEXIS 1699, at *6–7 (Pa. Super. June 25, 2021). Such is the case here. The testimony of the chief probation officer is evidence, even without other documentary evidence in support. The jury could reasonably infer from the evidence that Saez willfully concealed himself with the intent to avoid

apprehension, trial or punishment. Further, the court had jurisdiction over this criminal case. **Commonwealth v. McGarry**, 172 A.3d 60, 66 (Pa. Super. 2017). Saez's fourth issue fails.

Saez's fifth issue is that the trial court erred by requiring proof that Saez was on probation at the time he concealed himself. Saez contends on appeal, as he did at trial, that he was no longer on probation after August 8, 2020. However, the jury was free to credit the testimony of the chief probation officer that Saez was on probation in the fall of 2020. This testimony itself was evidence that Saez was on probation, regardless of other evidence. Saez's fifth issue fails.

Saez's sixth issue is that the evidence did not show that he had the intent to hide. The jury could infer that Saez had the intent to avoid apprehension from the testimony at trial, including that he did not exit his house for over seven hours of loud knocking and the use of a loud intercom. The jury was free to disbelieve Saez's explanation that Saez did not hear the officers' commands. Saez's sixth issue fails.

Saez's seventh issue is that he was deprived of his constitutional right of court access because he did not have access to law resources while he was incarcerated. Saez argues that because of this, the court lost jurisdiction. As addressed above, the trial court had jurisdiction. **McGarry**, **supra**. We have found no authority that a court would lose jurisdiction over a defendant who cannot access law resources while in pretrial detention. Moreover, Saez had

ample time to access legal materials and prepare for trial when he was released. Saez's seventh issue fails.

Saez's eighth issue concerns the trial court's treatment of his Rule 600 motion. As in Saez's second issue, any error was harmless because Saez was brought to trial on or before his adjusted run date. **McGeth**, 622 A.2d at 945. Saez's eighth issue fails.

Saez's ninth issue challenges the trial court's instructions to Saez not to interrupt. "[A] judge must have broad discretion to maintain control in his courtroom." **Commonwealth v. Purnell**, 233 A.3d 824, 835 (Pa. Super. 2020). "This power to control courtroom proceedings includes the power to control the mode and order of examining witnesses and presenting evidence." **Id.** (citing Pa.R.E. 611(a)). Here, the transcript reflects that the judge who presided over Saez's trial showed remarkable patience and acted within the court's power to control courtroom proceedings. Saez's ninth issue fails.

Saez's tenth issue is that the trial court erred by preventing Saez from being heard at any pretrial hearing. We have not found any instance in the certified record of Saez being denied a pretrial hearing. Additionally, Saez received a *habeas corpus* hearing before the trial court. Moreover, any defect in Saez's pretrial matters is "immaterial" following the verdict of guilty. **See Sanchez**, **supra**. Saez's tenth issue fails.

Saez's eleventh issue challenges the lack of a warrant being introduced into evidence. The Commonwealth was not required to enter the warrant as

a physical exhibit. The jury was free to believe the testimony of the chief probation officer that he obtained a warrant. Saez's eleventh issue fails.

Saez's twelfth issue is that there was no evidence that he committed a misdemeanor while on probation, which he maintains is required to sustain his conviction. However, there was testimonial evidence that Saez violated his probation, failed to appear at a revocation hearing, and was aware of the bench warrant issued as a result. This is sufficient. **Steffy**, **supra**; **Schuster**, **supra**. Saez's twelfth issue fails.

Saez's thirteenth issue is that the trial court erred by directing Saez to file a post-sentence brief on the charge of fleeing and eluding instead of the charge of flight to avoid apprehension, trial or punishment. We agree that the order misstated the crime of which Saez was convicted, and Saez complied with the order as written. However, any error is harmless. Saez, aware of the crime of which he was convicted, briefed issues of sufficiency and jurisdiction. As applied to this case, the evidence was sufficient to sustain Saez's conviction for the correct crime, and the trial court had jurisdiction. Therefore, Saez's thirteenth issue fails.

Saez's fourteenth issue is that the trial court erred by minimizing Saez's hearing loss, which Saez used as a defense to the Commonwealth's evidence that Saez intended to avoid apprehension. However, the trial court allowed Saez to present evidence of his hearing loss to the jury, which made the determination of guilt. The jury was free to believe the officers' testimony that the noise was loud enough to hear. Saez's fourteenth issue fails.

Saez's fifteenth issue concerns the lack of evidence to contradict his testimony that he could not hear the officers' loud knocking and commands. As described above, the officers testified that the noise would be audible in Saez's house. The jury was free to believe the officers' testimony, and Saez's fifteenth issue fails.

Saez's sixteenth issue challenges the lack of evidence that Saez had received notice of the bench warrant. The chief probation officer testified that he had left a message for Saez advising him of the warrant. N.T., 11/18/22, at 39–40. Saez's sixteenth issue fails.

Saez's seventeenth issue is that the prosecution withheld exculpatory evidence about Saez's probation status, which prevented Saez from refuting allegedly false statements. A defendant alleging that the prosecution violated its duty to disclose exculpatory material evidence must show three elements: "the evidence was favorable to the accused, either because it is exculpatory or because it impeaches; the evidence was suppressed by the prosecution, either willfully or inadvertently; and prejudice ensued." *Commonwealth v. Conforti*, 303 A.3d 715, 725–26 (Pa. 2023). Here, Saez has not identified which evidence would impeach the allegedly false statements. Also, Saez has not explained which evidence the prosecution possessed that Saez did not also possess. Saez's seventeenth issue fails.

Saez's eighteenth issue concerns the prosecution's inquiry into Saez's whereabouts leading up to the date he was apprehended. This was a fair area

of inquiry to inform the jury of the context in which the officers approached Saez's house.  Saez's eighteenth issue fails.

Saez's nineteenth issue is redundant of other issues of the sufficiency of the evidence.  Saez's nineteenth issue fails.

Saez's twentieth issue concerns the admission of evidence of Saez's failure to show up for probation meetings.  This was relevant to explain why there was a bench warrant to arrest Saez.  Saez's twentieth issue fails.

Judgment of sentence affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/1/2024